UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RAYMOND LUEBCKE, | ) |  |
| --- | --- | --- |
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:12-CV-439 WL |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) |  |
| Respondent. | ) |  |

**OPINION AND ORDER**

Petitioner Raymond Luebcke, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his 2011 conviction in the Tippecanoe Superior Court for theft, for which he was sentenced to two years and ten months imprisonment. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Section 28 U.S.C. 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-

47 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Boerckel*, 526 U.S. at 845. Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844.

Luebcke concedes in his petition that he has not presented his claims to the Indiana Supreme Court, or even to the Indiana Court of Appeals. He did not appeal his conviction (DE 1 at 2), nor did he file a petition for post-conviction relief (*Id.* at 3). Accordingly, the Petitioner has procedurally defaulted his claims.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

Luebcke states as the cause for his failure to exhaust that his attorney "rejected filing any thing for me" and that "she withdrew her appearance" for him (DE 1 at 4). This, however, is not a cause external to the defense, and would not have prevented Luebcke from taking a *pro se* appeal or filing a *pro se* petition for post-conviction relief. Accordingly, the court must dismiss this petition because it establishes on its face that the Petitioner has

not exhausted his state court remedies. The dismissal will be without prejudice to the Petitioner's right to file a new petition for writ of habeas corpus raising these claims if he is able to exhaust his state court remedies.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant Luebcke a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

As is fully explained above, Luebcke has not exhausted his state court remedies as to any of the claims he wishes to present to the Court. Luebcke also has not established that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Luebcke a certificate of appealability.

For the reasons stated in this order, the court **DISMISSES** this petition for writ of habeas corpus, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, and **DENIES** the Petitioner a certificate of appealability.

SO ORDERED on September 19, 2012

                                                 s/William C. Lee
                                                 William C. Lee, Judge
                                                 United States District Court